518 F.2d 351
 89 L.R.R.M. (BNA) 2861, 77 Lab.Cas. P 10,910
 NASHVILLE NEWSPAPER PRINTING PRESSMEN'S UNION LOCAL 50,
Plaintiff-Appellee,
v.
NEWSPAPER PRINTING CORPORATION, Defendant-Appellant.
NASHVILLE NEWSPAPER PRINTING PRESSMEN'S UNION LOCAL 50,
Plaintiff-Appellee-Cross-Appellant,
v.
NEWSPAPER PRINTING CORPORATION, Defendant-Appellant-Cross-Appellee.
 Nos. 74-2025, 74-2026.
 United States Court of Appeals,
Sixth Circuit.
 June 9, 1975.
 
 Russell F. Morris, Jr., Stafford F. McNamee, Jr., Bass, Berry & Sims, Nashville, Tenn., for Newspaper Printing Corp.
 Hugh C. Howser, Howser, Thomas, Summers & Binkley, Nashville, Tenn., Robert J. Martin, Jr., Adair, Goldthwaite, Stanford & Daniel, Atlanta, Ga., for Nashville Newspaper Printing Pressmen's Union.
 Before EDWARDS, MILLER and LIVELY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal by Newspaper Printing Corporation, which owns both the NASHVILLE BANNER and the NASHVILLE TENNESSEAN. On January 1, 1970, it signed a contract with the Printing Pressmen which was to expire December 31, 1972, if notice was given by either of the parties in accordance with its terms. The contract provided, however, only for proposals for renewal of the contract and counterproposals thereto. The contract then provided:
 
 
 2
 If notice is not given by one of the parties, as above described, it shall be construed as a renewal of this agreement for one year and the contract shall thereafter run from year to year until opened for negotiations by the procedures above described, it being understood that the renewal shall be by negotiations in a conciliatory spirit, and if no agreement is made in that manner, then by arbitration. In either event there shall be a continuous operation of the presses and a continuous and uninterrupted friendly relationship between the parties to this agreement, and all matters of dispute not specifically set forth herein shall be settled in accordance with the arbitration provisions hereinafter set forth.
 
 
 3
 In November of 1972 both parties notified the other of a desire to reopen the contract. Negotiations began and continued until 1974 without agreement, however. The union then sought arbitration under terms of the paragraph above. The company then demanded conciliation under the terms of the contract before arbitration. The company letter said:
 
 
 4
 We do not agree that the differences have reached the point where they are ready for consideration by a local board of arbitration. We are perfectly agreeable to conciliation of new contract terms and conditions and in the event conciliation fails, we will follow the arbitration procedure.
 
 
 5
 Subsequently the company refused to arbitrate, saying it had changed its mind, and the union sought an order from the United States District Court compelling arbitration.
 
 
 6
 Like the District Judge, we feel that this record discloses that the parties contemplated mutual reopening of the contract but not its termination. Judge Morton found on this record that arbitration had been agreed upon and should be carried out. We agree.
 
 
 7
 We find no need on this record to face the more difficult question as to whether the contract between the parties is binding upon them in perpetuity in the event of a clear-cut notice of termination by one.[1] No such event has occurred. Nor do we find any abuse of discretion in the District Court's denial of plaintiff's attorney's request for attorney fees.
 
 
 8
 For these reasons and others spelled out in Judge Morton's opinion, 399 F.Supp. 593, the judgment of the District Court is affirmed.
 
 
 
 [1]
 See Winston-Salem Printing Press. & A. U. v. Piedmont Publishing Co., 393 F.2d 221, 226-27 (4th Cir. 1968)